**IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**NORA ALEXANDER**                                                        **PLAINTIFF**

**VS.**                                             **CAUSE NO.:** 3:25-CV-299-DMB-RP

**VITALCORE HEALTH STRATEGIES, LLC;**
**and LASHAWNDA PETTIS and VERONICA EVANS,**
**In Their Individual Capacities**                              **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

This is an action to recover actual and punitive damages for discrimination based upon race, based upon opposition due to the filing of an EEOC charge, and based upon discharge in violation of public policy.  The following facts support this action:

1.

Plaintiff NORA ALEXANDER is an adult resident of 5785 Stonecrest Drive, Olive Branch, Mississippi 38654.

2.

Defendant VITALCORE HEALTH STRATEGIES, LLC ("Defendant VitalCore") is a Kansas corporation doing business in the State of Mississippi.  Defendant VitalCore may be served with process by service upon its registered agent, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

Defendant LASHAWNDA PETTIS ("Defendant Pettis") is the Health Services Administrator for Defendant VitalCore.  Defendant Pettis may be served with process by service

at the VitalCore facility, located inside Marshall County Correctional Facility, 833 West Street, Holly Springs, Mississippi 38635.

Defendant VERONICA EVANS ("Defendant Evans") is a close personal friend of Defendant Pettis and is a Regional Director of Nursing for Defendant VitalCore. Defendant Evans conspired with Defendant Pettis to have Plaintiff terminated from her job. Defendant Evans can be served with process by service at the VitalCore Mississippi Regional Office, 805 South Wheatley Street, Suite 340, Ridgeland, Mississippi 39157.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under 42 U.S.C. § 1981 and has supplemental jurisdiction over Plaintiff's state law claims.

4.

Plaintiff has a Master of Social Work degree and has worked for Defendant VitalCore and its predecessor for seven (7) years as a social worker.

5.

During Plaintiff's employment, and in early January 2023, Defendant VitalCore promoted Defendant Lashawnda Pettis to Health Services Administrator at the Marshall County Correctional Facility. At the time Defendant Pettis was promoted, a far more qualified employee, Clara Moore, white, also applied and interviewed for the position. Both Moore and Defendant Pettis had applied for the position, but it was well-known how unqualified Defendant Pettis was due to an absence of social skills, a refusal to work, and a general inability to get along with coworkers. Moore was not hired solely because Moore was white, and Defendant VitalCore wanted a black employee for

the position. After her hiring, Defendant Pettis frequently stated she was hired only because she was black.

6.

Shortly after Defendant Pettis was promoted, she began widespread policies of harassing employees so severely that the employees began filing multiple grievances about the mistreatment from Defendant Pettis. While multiple grievances were filed by many employees, some of these grievances related to matters of public concern, since they related to deliberate indifference to medical care for prisoners. Plaintiff was one (1) of six (6) employees to file a joint grievance against Defendant Pettis and to seek corrective action. The joint grievance contains multiple instances of bizarre, ineffective behavior by Defendant Pettis, including such work-related matters as sleeping on the job, bragging about her pay to fellow employees, clocking out from her shift early, failing to answer her telephone, refusing to answer multiple phone calls when specific issues needed to be discussed, refusing to follow official company policies regarding diet for prisoners, and making false promises to new employees about when they could expect pay raises and when they could be scheduled to work. Defendant Pettis simply refused to do her job. Additionally, Defendant Pettis fabricated disciplinary actions against employees, including actions against Plaintiff. The grievance also relates to illegal activity by Defendant Pettis by demonstrating a deliberate indifference to the medical needs of prisoners.

7.

Defendant Pettis' incompetent performance included actions which showed a deliberate indifference to the health and safety of the prisoners in violation of the Eighth Amendment to the Constitution of the United States. For example, Defendant Pettis accepted inmates into the facilities which the facilities did not have the ability to treat. As outlined in the grievance, attached

hereto as Exhibit "A," Defendant Pettis accepted one inmate who could hardly walk, had been diagnosed with back fractures and cancer, and who was undergoing aggressive chemotherapy treatments. This prisoner should have been housed in a medical facility, but Defendant Pettis accepted the prisoner notwithstanding the inability of the facility to care for the prisoner. Defendant Pettis' incompetence and willful indifference to the medical needs of the prisoners is described in the grievance attached hereto as Exhibit "A." Defendant Pettis' actions resulted in the failure to provide a constitutional minimum standard of care for prisoners, since the Eighth Amendment to the United States Constitution requires prisoners be free from cruel and unusual punishment, which includes the right to have the State attend to their serious medical needs.

8.

In April 2025, Plaintiff told Defendant Evans and Cornelia Davis, both corporate employees of Defendant VitalCore, that Plaintiff planned to file an EEOC charge. Plaintiff disclosed this information at separate times, but both Defendant Evans and Davis were given this information in April 2025.

9.

Plaintiff intended to file an EEOC charge because of the hostile work environment being created by Defendant Pettis, who had been hired solely because of her race and despite the fact that she was incompetent. Had it not been for her race, Defendant Pettis would not have been hired, and Plaintiff and the other employees would not have had to undergo supervision by an incompetent superior, nor would the prisoners have been subjected to the unreasonable danger of having the entire medical facility being supervised by a person who was indifferent to performing her job and to securing care for the prisoners.

10.

Approximately eight (8) to ten (10) days after Plaintiff had first complained to Defendant Evans and Davis, Plaintiff was informed she was discharged. The reason given for the discharge was that Plaintiff had "made threats" against Defendant Pettis. In fact, Plaintiff had made no threats whatsoever against Defendant Pettis. Plaintiff had, however, complained about Defendant Pettis' not doing her job and about Defendant Pettis' falsification of write-ups against Plaintiff, which should have led to Defendant Pettis' being terminated.

11.

Plaintiff's rights have been violated for the following reasons:

(1) Plaintiff was terminated because she informed corporate employees of Defendant VitalCore that she intended to file an EEOC charge. Plaintiff was thus fired because she opposed what she believed, in good faith, to be actions protected by Title VII of the Civil Rights Act of 1964.

(2) Plaintiff was terminated because she made a grievance complaining about the illegal activity of failing to provide medical care to a prisoner with known severe medical needs by placing that prisoner in a facility which could not provide care for his back fractures or cancer. This constitutes a discharge in violation of public policy. The grievance is attached hereto at Exhibit "A."

(3) Defendant VitalCore's promoting Defendant Pettis over a far more qualified white candidate was race discrimination which caused foreseeable harm to Plaintiff. Defendant VitalCore's actions thus violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

5

(4) Plaintiff was fired because of malicious interference with employment by Defendant Evans who falsely and maliciously informed Defendant VitalCore's corporate officials that Plaintiff had threatened Defendant Pettis. Upon information and belief, this false report was made at Defendant Pettis' request. A copy of a statement regarding this false threat, made by coworker Toni Williams, who is the Mental Health Director and Plaintiff's supervisor, is attached hereto and incorporated as Exhibit "B."

(5) Defendant Evans defamed Plaintiff by falsely reporting to corporate officials that Plaintiff had threatened Defendant Pettis by stating that Plaintiff, in reference to Defendant Pettis, had threatened to "beat her ass."

12.

Plaintiff's EEOC charge is attached hereto as Exhibit "C." Plaintiff's "Dismissal and Notice of Rights" letter is attached hereto as Exhibit "D."

13.

Plaintiff has suffered lost income and mental anxiety and stress, possibly causing physical illness, as a proximate result of Defendants' unlawful actions.

## <u>REQUEST FOR RELIEF</u>

Plaintiff requests actual and punitive damages and all damages under Title VII of the Civil Rights Act of 1964 and by 42 U.S.C. § 1981. Plaintiff further requests reinstatement, as well as reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 13th day of October, 2025.

**NORA ALEXANDER,** Plaintiff

By: */s/Jim Waide*
Jim Waide, MS Bar No. 6857
Rachel Pierce Waide, MS Bar No. 100420
Yance Falkner, MS Bar No. 106107
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS  38804-3955
Post Office Box 1357
Tupelo, MS  38802-1357
Telephone:  (662) 842-7324
Facsimile:  (662) 842-8056
Email: waide@waidelaw.com
jdw@waidelaw.com
rpierce@waidelaw.com
yfalkner@waidelaw.com

ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF _Lee_

     PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named **NORA ALEXANDER**, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

_Nora Alexander_
**NORA ALEXANDER**

GIVEN under my hand and official seal of office on this the 29th day of August, 2025.

(SEAL)

_Kimberley M. Sanders_
NOTARY PUBLIC

My Commission Expires: April 4, 2027

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 84834
KIMBERLEY M. SANDERS
Commission Expires
April 4, 2027
LEE COUNTY